UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Lachica Ousley, | Case No. 22-cv-1600 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Kristen Marie Glockner, Patricia Colleen Bird, and Sun Country Airlines, | |
| Defendants. | |

---

Before the Court is Plaintiff Lachica Ousley's complaint, (Dkt. 1), and application to proceed *in forma pauperis* (IFP), (Dkt. 2). Upon review of the record, the Court finds that it lacks jurisdiction over Ousley's complaint. The Court, therefore, dismisses Ousley's complaint without prejudice and denies Ousley's IFP application as moot.

On June 17, 2022, Ousley commenced this lawsuit against Sun Country Airlines, Patricia Colleen Bird and Kristen Marie Glockner. Bird and Glocker are flight attendants employed by Sun Country. Ousley alleges that when she and her child flew on a Sun Country flight on an unknown date and at an unknown time, Glockner injured Ousley by rolling over Ousely's foot with the drink cart and shouted at Ousley. Ousley alleges that Bird did not intervene. Ousley alleges that she and her child were the only people of color on the flight. Ousley went to the hospital following the incident and was ultimately discharged with a left ankle and leg brace. Ousley seeks unspecified damages for her expenses and for pain and suffering resulting from the incident. Ousley contends that the

Court has federal question jurisdiction because the altercation "took place on federal ground."

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction."). "A plaintiff has the burden of establishing subject matter jurisdiction . . . ." *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006). Although pro se complaints are to be construed liberally, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Because subject-matter jurisdiction is a threshold requirement, a district court may analyze the issue *sua sponte*.

Ousley maintains that the Court has jurisdiction over this action because the altercation occurred on "federal ground." Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and cases involving parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

An action arising under federal law is one in which "federal law creates the cause of action asserted" or the action pertains to a state-law claim that "necessarily raise[s] a

stated federal issue." *Gunn*, 568 U.S. at 257–58 (internal quotation marks omitted). For a state-law claim to support federal-question jurisdiction, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258. "An issue of federal law is substantial when it is important to the federal system as a whole, not merely when it is 'significant to the particular parties in the immediate suit.' " *Martinson v. Mahube-Otwa Cmty. Action P'ship, Inc.*, 371 F. Supp. 3d 568, 574 (D. Minn. 2019) (quoting *Gunn*, 568 U.S. at 260)). Further, "a substantial federal issue is more likely to be present if a pure issue of federal law is dispositive of the case; fact-bound and situation-specific disputes typically do not implicate substantial federal issues." *Id.* (internal quotation marks omitted). Only a "special and small category of cases" necessarily raise federal issues. *Id.* (internal quotation marks omitted). Here, Ousley's complaint does not allege the violation of a federal law. Instead, Ousley appears to allege a personal-injury claim, which is a state tort claim. In addition, Ousley's claim is not "substantial" such that it "necessarily raises" a federal issue. For these reasons, Ousley has not established federal-question jurisdiction.

Ousley does not allege that the Court has diversity jurisdiction over her lawsuit. Courts have diversity jurisdiction over state-law claims when the amount in controversy exceeds $75,000 and there exists complete diversity among the parties. "Complete diversity of citizenship exists [when] no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th

3

Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Here, Ousley is a citizen of the State of Minnesota and alleges that at least two of the Defendants, Glockner and Bird, also are citizens of Minnesota. Because the parties are not diverse and the amount in controversy does not exceed $75,000, this Court lacks diversity jurisdiction over Ousley's lawsuit.

For the reasons addressed above, the Court lacks subject-matter jurisdiction over Ousley's lawsuit. The Court, therefore, dismisses Ousley's complaint without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Lachica Ousley's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff Lachica Ousley's IFP application, (Dkt. 2), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 22, 2022                                        s/Wilhelmina M. Wright
                                                                         Wilhelmina M. Wright
                                                                         United States District Judge